IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **CHASE COOK**<br>*on behalf of himself and others*<br>*similarly situated,*<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**UNITEDLEX PROFESSIONAL**<br>**SERVICES, LLC**<br><br>　　　　Defendant. | Case No.: 2:20-cv-2250 |

**COMPLAINT**
**(Collective Action under the Fair Labor Standards Act)**

**COMES NOW** the Plaintiff Chase Cook, on behalf of himself and all others similarly situated, and brings this action against Defendant UnitedLex Professional Services, LLC for damages and other relief as follows:

**NATURE OF ACTION**

1.　　Plaintiff Chase Cook, on behalf of himself and all others similarly situated, brings this action against Defendant UnitedLex Professional Services, LLC for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for failing to pay overtime at one and one-half times the regular rate of pay. Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated persons who have worked as a "Project Attorney" for Defendant within the past three years. The following allegations are based upon personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts and experiences of others similarly situated.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

3. Venue is proper in the United States District Court for the District of Kansas because Defendant is a limited liability company registered in the state of Kansas and operates its principal business location in Overland Park, Johnson County, Kansas where Plaintiff was employed as a Project Attorney for Defendant.

## PARTIES

4. Defendant UnitedLex Professional Services, LLC ("UnitedLex" or "Defendant") is a Kansas limited liability company (KS Business Entity No. 6538508) active and in good standing in the state of Kansas. It's principal place of business is located at 6130 Sprint Parkway, Suite 300, Overland Park, Kansas 66211.

5. Defendant is engaged in interstate commerce by, among other things, providing nationwide consulting and litigation support services to law firms and corporate legal departments, including – as relevant here- document review services. Defendant provides these document review services out of offices located in several states, including Kansas.

6. At all times relevant to this lawsuit, Defendant has had an annual gross volume of business done in excess of $500,000.

7. At all times relevant to this lawsuit, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Plaintiff Chase Cook (hereafter "Plaintiff") is a Kansas resident. Plaintiff was employed by Defendant as a Project Attorney from on or about October 2018 through on or about February 2020. Plaintiff worked at Defendant's office located in Overland Park, Kansas. Numerous other similarly situated Project Attorneys employed by Defendant worked at this location and worked at other companywide locations in other states.

9. Plaintiff and the other similarly situated Project Attorneys are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

10. Plaintiff and the other similarly situated Project Attorneys have been employed by Defendant within two to three years prior to the filing of this lawsuit. *See* 29 U.S.C. § 255(a).

## **FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS**

11. Defendant UnitedLex is not a law firm and does not provide legal advice.

12. Instead, Defendant provides consulting and litigation support services to law firms and corporate legal departments, including – as relevant here- document review services.

13. Defendant's document review projects are staffed by temporary, project-based employees known as "Project Attorneys" who are managed and supervised by full-time UnitedLex employees.

14. Plaintiff and the other similarly situated Project Attorneys who work for Defendant perform the same primary job duties.

3

15. In performing their document review job duties, Project Attorneys work under the supervision and direction of Defendant's clients, who are properly licensed attorneys, whether in-house or outside counsel.

16. Defendant's attorney clients ultimately supervise the document review project and provide the necessary guidance to Defendant and the Project Attorneys.

17. Plaintiff and the other similarly situated Project Attorneys are part of Defendant's document review teams that work under Defendant's attorney clients' direction.

18. The primary job duties of Plaintiff and the other similarly situated Project Attorneys are to review the documents provided to them, looking for any issues or terms as directed by the attorney clients, and to categorize and identify said documents accordingly.

19. At all times however, Defendant's attorney clients, not Defendant's Project Attorneys, oversee and supervise the document review process, and remain solely responsible for any production of documents in the litigation and for rendering any legal advice related to the production of documents.

20. Plaintiff and the other similarly situated Project Attorneys are required to perform their primary document review job duties under very specific guidelines as set forth by Defendant's clients. They are required to use criteria developed by others to simply identify and sort documents into different categories as directed by Defendant's clients.

21. At no time has Defendant, Plaintiff, or those similarly situated represented that Project Attorneys are licensed to practice law on behalf of Defendant's clients in any of the states where they work.

22. Defendant does not require individuals to be duly licensed to practice law in any state in order to be employed as a Project Attorney.

23. Plaintiff and the other similarly situated Project Attorneys do not practice law on behalf of clients as part of their employment with Defendant. Their primary duty of reviewing documents does not include the performance of work requiring advanced knowledge or include the consistent exercise of discretion and judgment.

24. Given the routine and manual nature of their primary document review job duties, Plaintiff and the other similarly situated Project Attorneys are entitled to overtime pay under the FLSA (*i.e.,* they are nonexempt employees under the FLSA).

25. On a weekly basis throughout their employment, Plaintiff and the other similarly situated Project Attorneys routinely worked in excess of forty (40) hours per workweek. These work hours should be accurately recorded in Defendant's timekeeping and payroll records, and therefore can be determined with certainty.

26. Defendant paid Plaintiff $23 per hour for all hours worked – Plaintiff's regular rate of pay. Defendant paid the other similarly situated Project Attorneys at the same or similar regular rate of pay.

27. Defendant paid Plaintiff and the other similarly situated Project Attorneys for the hours they worked in excess of forty (40) per week at their regular rate of pay only, rather than at one and one-half times their regular rate of pay.

28. In failing to pay Plaintiff and the other similarly situated Project Attorneys at the appropriate overtime rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA, Defendant erroneously relied on the FLSA's bona fide professional exemption to overtime pay, 29 U.S.C. § 213(a)(1).

## COUNT I
## (FLSA COLLECTIVE ACTION)

29. Plaintiff, on behalf of himself and the other similarly situated FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

30. The FLSA requires each covered employer, such as Defendant, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

31. Throughout the statute of limitations period covered by this claim, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation at the proper overtime rate of pay in violation of the FLSA.

32. Plaintiff and the FLSA Collective are similarly situated in that they all have the same primary job duties, are all subject to Defendant's same corporate policies and procedures governing every aspect of their job duties, all routinely work(ed) in excess of forty hours per workweek, and are all subject to the same pay policy of not paying all overtime compensation at the proper overtime rate of pay for hours worked in excess of forty (40) per workweek.

33. Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for the overtime pay owed.

34. Plaintiff files this action on behalf of himself and all other similarly situated Project Attorneys pursuant to the FLSA, 29 U.S.C. §216(b). The proposed collective class for the FLSA claim is defined as follows:

> All persons who worked as a Project Attorney for Defendant at any of its companywide locations within three years prior to the filing of this Complaint and who was not paid one and one-half times the regular rate of

6

pay for work performed in excess of forty (40) hours in a workweek. (the "FLSA Collective").

35. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Plaintiff because the claims of Plaintiff are similar to the FLSA Collective.

36. Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of the law.

38. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff and the FLSA Collective under § 216(b) of the FLSA are entitled to liquidated damages, attorney's fees and costs incurred in connection with enforcing this claim.

39. The Plaintiff and the FLSA Collective have suffered from Defendant's common policies and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and others similarly situated, pray for relief as follows:

a)  Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b)  Judgment against Defendant finding it failed to properly pay Plaintiff and the FLSA Collective overtime at the correct overtime rate of pay and for all overtime hours worked as required under the FLSA;

c)  Judgment against Defendant for Plaintiff and the FLSA Collective for damages for unpaid overtime pay;

d)  An amount equal to their damages as liquidated damages;

e)  A finding that Defendant's violations of the FLSA are willful;

f)  All costs and attorneys' fees incurred prosecuting this claim;

g)  An award of prejudgment interest (to the extent liquidated damages are not awarded);

h)  Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i)  Leave to amend to add additional state law claims; and,

j)  All further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

The Plaintiff in the above-captioned matter hereby demands a jury trial for all claims set forth herein.

## **LOCATION OF TRIAL**

The location of this trial should be Kansas City, Kansas.

Respectfully Submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, KS 17420
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:	(816) 221-7100
Fax:	(816) 709-1044
brendan@donelonpc.com

Daniel W. Craig, KS. Fed. 78146
6642 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:	(314) 297-8385
Fax:	(816) 709-1044
dan@donelonpc.com

ATTORNEYS FOR PLAINTIFF